# Labaton Sucharow

Louis Gottlieb
Partner
212 907 0872 direct
212 883 7072 fax
lgottlieb@labaton.com

April 13, 2015

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
  for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *In re Millenial Media, Inc. Securities Litigation*, No. 14 Civ. 7923 (S.D.N.Y.) (PAE)

Dear Judge Engelmayer:

We are Co-Lead Counsel for the Lead Plaintiffs and the Class in the above-referenced action (the "Action"). As explained below, we request the Court's permission, under Federal Rule of Civil Procedure 15(d) ("Rule 15(d)"), to file a supplemental complaint.

Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, after Lead Plaintiffs filed the Consolidated Class Action Complaint in this Action on March 20, 2015 (the "Complaint"), the person identified in the Complaint as Confidential Witness 4 ("CW4") requested of Co-Lead Counsel that CW4 not be cited as a witness in the Complaint. Shortly thereafter, on April 1, 2015, Co-Lead Counsel (i) informed counsel for Defendants of their intent to remove CW4 from the Complaint, (ii) provided defense counsel with a redline of the Complaint reflecting the proposed changes[1], and (iii) proposed that Defendants agree to a Stipulation providing for the filing of such complaint. Although the Supplemental Complaint (attached hereto as Exhibit A in redline format) does not add any new allegations (and only removes CW4 as a witness), defense counsel asked Co-Lead Counsel to agree that Defendants could have two additional weeks past their current April 17, 2015 deadline to file their motion to dismiss, and move all related briefing deadlines by two weeks. After more than ten days of negotiations between the Parties, the Parties were unable to agree on the language of the Stipulation, and the present letter motion followed.

The proposed Supplemental Complaint satisfies the requirements of Rule 15(d), and Lead Plaintiffs' motion to supplement the Complaint should accordingly be granted. As set forth above, Lead Plaintiffs did not delay in moving to supplement the Complaint, and Lead Plaintiffs' motion does not involve any bad faith or dilatory motive. *See, e.g., Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (granting Rule 15(d) motion to supplement complaint; finding that

---

[1] The redline provided to counsel for Defendants is the same as Exhibit A attached hereto, except that on the cover page in the document provided to counsel for Defendants, the document was titled "Revised Consolidated Class Action Complaint" rather than "Supplemental Consolidated Class Action Complaint."

such motions should be "freely granted"). Defendants will not suffer any undue prejudice from the filing of the Supplemental Complaint because it adds nothing new to the case – neither parties, facts, nor claims. *Id.* Defendants have also been on notice of Lead Plaintiffs' proposed changes to the Complaint since April 1. As a result, the filing of the proposed Supplemental Complaint should not prolong Defendants' deadline to file their motion to dismiss, nor otherwise delay resolution of the Action.

Accordingly, Lead Plaintiffs respectfully request that, pursuant to Rule 15(d), the Court allow Lead Plaintiffs to file the non-redline version of the Supplemental Complaint attached hereto as Exhibit A upon the Court's granting of the present Motion.

Respectfully submitted,

Louis Gottlieb