

April 13, 2015

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

> **Re: *Public Employees' Ret. Sys. of Mississippi v. Millennial Media, Inc.*,**
> **No. 1:14-cv-07923-PAE (S.D.N.Y.)**

Dear Judge Engelmayer:

We write on behalf of certain Defendants in the above-referenced action (the "Action"). Earlier today, counsel for the Lead Plaintiffs and the Class ("Co-Lead Counsel") submitted a letter motion to the Court requesting permission to file a "Supplemental Complaint" pursuant to Federal Rule of Civil Procedure 15(d). The proposed filing does not, for the numerous reasons set forth below, conform to the requirements of FRCP 15(d). As it seeks to remove (not supplement) the allegations in the current operative complaint, it is an amended complaint governed by FRCP 15(a). Prior to the filing of Plaintiffs' letter brief, Defendants indicated in writing to Co-Lead Counsel that they would consent to the proposed filing pursuant to FRCP 15(a), which would have removed the need for any Court action. This Court therefore should grant Plaintiffs leave to file their proposed complaint as an "amended" complaint pursuant to FRCP 15(a), while leaving undisturbed the deadline that FRCP 15(a)(3) provides for the response to such an amended pleading.

As Plaintiffs' letter motion itself makes clear, Co-Lead Counsel is playing fast and loose with the Federal Rules of Civil Procedure. The letter motion invokes FRCP 15(<u>d</u>), and labels the proposed Complaint "supplemental." Yet the letter motion also acknowledges that Plaintiffs' "Supplemental Complaint ... does not add any new allegations (and only removes CW4 as a witness)." As such, FRCP 15(d) is inapposite. FRCP 15(d) self-evidently applies only when a plaintiff seeks to "supplement" – *i.e.*, add new material – to the original complaint, based on events that occurred after the filing of the original complaint.[1] By Co-Lead Counsel's own admission, Plaintiffs' "Supplemental Complaint" only removes material, and adds no new material, much less new material based on events that occurred after the current complaint was filed.

---

[1] *See, e.g.*, 6A Wright and Miller, *Federal Practice and Procedure*, § 1504 at 254 (2010) ("Amended and Supplemental Pleadings differ in two respects. The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the original pleading; *the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings.*" (emphasis added)); *see also Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 403-04 (S.D.N.Y. 2013) (Engelmayer, J.) ("Rule 15(d) permits the court to allow a party to supplement its pleadings 'setting out any transaction, occurrence, or event that happened after the date of the pleadings to be supplemented.'")



The Honorable Paul A. Engelmayer
April 13, 2015
Page Two

Plaintiffs also fail in their letter motion to accurately inform the Court of Co-Lead Counsel's interaction with Defendants regarding CW4 and Plaintiffs' proposed new Complaint. *First*, Co-Lead Counsel has never provided Defendants (and fails to provide the Court in its letter motion) with the reason why CW4 has requested that he or she not be cited as a witness in the Complaint. As the Court is no doubt aware, the citation of confidential witnesses in securities class action complaints is a contentious issue and numerous courts have expressed concern over the use, and occasional abuse, of their alleged statements.[2]

*Second*, as noted implicitly in Footnote 1 of Plaintiffs' letter motion, Co-Lead Counsel initially asked Defendants to agree to the filing of a "Revised" Complaint without citation to FRCP 15. When Defendants pointed out that there was no provision in the FRCP for a "revised" (as opposed to "amended") complaint, Co-Lead Counsel then simply informed Defendants, without further conferring with them, that Plaintiffs intended to submit their instant letter motion seeking to file a "Supplemental Complaint." Defendants replied that this also was improper, for the reasons discussed above, but that they would be willing to consent to the filing of a proper "Amended Complaint" pursuant to FRCP 15(a), which would eliminate the need for any Court action. Co-Lead Counsel's only response was to submit the letter motion.

It appears clear that the goal of Plaintiffs' procedurally improper motion is to (i) convince the Court that the withdrawal of CW4 is a minor issue, and (ii) prevent Defendants from receiving the time provided under FRCP 15(a)(3) to address Plaintiff's new complaint. In fact, however, CW4 was an integral part of the original complaint, having been cited *twenty-four* times for a wide variety of allegations that supposedly demonstrated that Defendants had violated the federal securities laws.

Moreover, it is Defendants' position, on information and belief, that there may be additional confidential witness issues raised by the Complaint in this action. Defendants therefore respectfully submit that the fourteen-day period to respond to an amended pleading set by FRCP 15(a)(3) is necessary to allow them to both address the "Supplemental Complaint" and undertake a thorough examination of the allegations in the Complaint relating to the other ten confidential witnesses.

---

[2] *See, e.g., Campo v. Sears Holdings Corp.*, 371 Fed. App'x 212, 216 n.4 (2d Cir. 2010) (finding no error in district court ordering depositions of confidential witnesses prior to ruling on motion to dismiss for purpose of "determining whether CWs acknowledged the statements attributed to them in the complaint," and considering only the statements corroborated by the confidential witnesses on the motion to dismiss); *In re Sony Corp. SXRD Rear Projection Television Mktg., Sales Practices & Products Liab. Litig.*, 268 F.R.D. 509, 511 (S.D.N.Y. 2010) ("[T]he Court, before determining potentially dispositive motions to dismiss, ordered . . . that the depositions of the confidential sources be taken by counsel."); *City of Livonia Emps.' Ret. Sys. and Local 295/Local 581 v. Boeing*, 711 F.3d 754, 760-61 (7th Cir. 2013) (affirming district court's grant of motion to dismiss with prejudice on reconsideration following a deposition of a confidential witness in which the witness denied virtually everything that plaintiffs' investigator had reported).



The Honorable Paul A. Engelmayer
April 13, 2015
Page Three

      Accordingly, Defendants respectfully request that the Court convert the letter motion to a motion brought under FRCP 15(a), allow Plaintiffs to file an amended Complaint pursuant to that rule, and leave undisturbed the time period set forth in FRCP 15(a)(3) for Defendants to respond.[3]

Respectfully,

Lyle Roberts

cc: All counsel of record (see attached facsimile cover sheet)

---

[3] *See* 6A Wright and Miller, *Federal Practice and Procedure*, § 1504 at 254-55 (2010) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings . . . These misnomers do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.")

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of April, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

I also hereby certify that a copy of the foregoing was served upon the following via U.S. First Class Postal Service and email upon:

> Abby F. Rudzin
> O'MELVENY & MYERS LLP
> Times Square Tower
> 7 Times Square
> New York, NY 10036
> Tel: (212) 326-2033
>
> *Counsel for Morgan Stanley & Co., LLC, Goldman, Sachs & Co., Barclays Capital Inc., Allen & Company LLC, Stifel, Nicolaus & Co., Inc., Canaccord Genuity Inc., Oppenheimer & Co., Inc.,*

> Lyle Roberts
> COOLEY LLP
> 1299 Pennsylvania Avenue, NW, Suite 700
> Washington, DC 20004
> Telephone: (202) 842-7800
> Facsimile: (202) 842-7899
> lroberts@cooley.com
>
> *Counsel for Defendants Millennial Media, Inc., Paul J. Palmieri, Michael B. Avon, Andrew J. Jeanneret, Michael Barrett, Robert P. Goodman, Arun Gupta, Patrick J. Kerins, Alan Macintosh, John D. Markley, Jr., Wenda H. Millard, James A. Tholen, and George Zachary*